BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
ALEXANDER SU (Cal. Bar No. 297869)
Assistant United States Attorneys
Asset Forfeiture & Recovery Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2686/0719
     E-mail:    James.Dochterman@usdoj.gov
                Alexander.Su@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Number 2:25-CV-8963 |
| Plaintiff, | **VERIFIED COMPLAINT FOR FORFEITURE** |
| v. | 18 U.S.C. § 981(a)(1)(C) |
| $397,040.00 IN U.S. CURRENCY, $287,500.00 IN U.S. CURRENCY, and $103,550.00 IN U.S. CURRENCY, | [D.E.A.] |
| Defendants. | |

Plaintiff United States of America brings this claim against the above-named defendants (collectively, the "defendant currencies"), and alleges as follows:

**JURISDICTION AND VENUE**

1.   Plaintiff brings this in rem forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(C).

2.   This Court has jurisdiction over the matter under 28 U.S.C.

1

§§ 1345 and 1355.

3.    Venue lies in this District pursuant to 28 U.S.C. § 1395.

**PERSONS AND ENTITIES**

4.    The plaintiff in this action is the United States of America.

5.    The defendant currencies in this action consist of the following:

a.    $397,040.00 seized on or about June 5, 2023, by law enforcement officers during the search of Jesus Javalera-Roman and Olegario Valenzuela-Gutierrez's Bell Gardens, California residence (the "defendant $397,040").

b.    $287,500.00 seized on or about September 8, 2023, by law enforcement officers during a traffic stop conducted on Spectrum in Irvine, California of an Uber vehicle occupied by Tania Luna-Ramirez (the "defendant $287,500").

c.    $103,550.00 seized on or about July 14, 2023, by law enforcement officers during a traffic stop conducted at the intersection of South Atlantic Drive and Atlantic Avenue in Compton, California of a vehicle occupied by Agustin Ortiz Uribe and registered to Jose Parraga (the "defendant $103,550").

6.    The defendant currencies are currently in the custody of the United States Marshals Service in this District, where they will remain subject to this Court's jurisdiction during the pendency of this action.

7.    The interests of Jesus Javalera-Roman and Olegario Valenzuela-Gutierrez (as to defendant $397,040), Tania Luna Ramirez (as to defendant $287,500), Augustin Ortiz Uribe and Jose Parraga (as to defendant $103,550), and all plaintiffs in the civil action Howard

2

Miller, et al. v. Juarez Cartel, United States District Court for the District of North Dakota, Case Number 1:20-CV-132, (as to the defendant currencies) may be adversely affected by these proceedings. All fifty-five of the "The Miller Claimants" are enumerated in the attached Exhibit A.

**BASIS FOR FORFEITURE**

8.    Between at least June and September 2023, members (collectively, the "investigators," "agents," or "officers") of Task Force Group 2 of the Drug Enforcement Administration Riverside District Office ("DEA Task Force Group 2") were involved in a wiretap investigation of drug trafficking organizations ("DTO" or "DTOs") operating in Southern California.  During the investigation, officers learned that the DTO or DTOs obtained drugs from unidentified sources with suspected relationships to the Sinaloa Drug Cartel.  The investigation resulted in the seizures of the defendant currencies, as more fully detailed below.

The June 5, 2023, Seizure of $397,040.00 from Javalera-Roman and Olegario Valenzuela-Gutierrez's Bell Gardens, California residence.

9.    Based intercepted communications between investigation target Javalera-Roman and another individual, later identified as Rigoberto Soto, investigators learned that Javalera-Roman was organizing the transportation and distribution of narcotics.  In addition, officers learned that Soto resided in Riverside, California.

10.   While conducting surveillance of Soto's residence and the surrounding area on June 5, 2023, investigators saw two individuals,

later identified as Javalera-Roman and Valenzuela-Gutierrez, arrive at Soto's residence in a Honda Ridgeline truck, which vehicle entered the residence's driveway and then was driven behind the residence out of view.  Approximately five minutes later, the white truck with Javalera-Roman and Valenzuela-Gutierrez inside emerged and left the residence.

11.  Officers stopped the vehicle at the intersection of Chumash Lane and Shetland Lane in Riverside, California and spoke with Javalera-Roman and Valenzuela-Gutierrez, which discussions are further detailed below.

12.  Meanwhile, officers also contacted the Soto residence's residents, including Soto, who told officers he had illegal items inside the residence.  When officers searched the residence, they found inside a closet in the residence's primary bedroom six rectangular packages, tape-wrapped with a white substance resembling cocaine coating the tape, and a portable safe containing $34,001.00 in rubber-banded and bundled United States currency.  Soto told officers he had been instructed to receive a package containing drugs from Javalera-Roman and Valenzuela-Gutierrez and to await further delivery instructions for the package.

13.  Following the Soto residence search, officers spoke with Javalera-Roman and Valenzuela-Gutierrez, who told officers there were illegal items at their Bell Gardens, California apartment.  When officers searched the apartment, they found about fifty-one kilograms of cocaine in an upstairs primary bedroom closet where officers also found rubber-banded bundles of U.S. currency totaling $397,040.00 (the defendant $397,040).

14.  The drugs were inside approximately fifty-one tape-wrapped

rectangular packages, each weighing about one kilogram, which in turn were concealed inside large tote bags.

15.   Soto, Javalera-Roman, and Valenzuela-Gutierrez signed Disclaimer of Ownership forms regarding the defendant $397,040. Elsewhere in the apartment officers found additional drug-trafficking indicia, including loose rubber bands, a money counter, saran wrap, and plastic vacuum seal bags.

16.   Officers arrested Soto, Javalera-Roman and Valenzuela-Gutierrez for California state law drug violations.

17.   On or about June 17, 2023, officers used a sophisticated narcotics-detecting canine, state-certified in the odor detection of cocaine, methamphetamine, heroin, and ecstasy, to conduct a sniff of the defendant $397,040.  The canine positively alerted to the presence of narcotics on the defendant $397,040.

The September 8, 2023, Seizure of $287,500.00 from Tania Luna-Ramirez.

18.   Based on intercepted communications between a female, later identified as Luna-Ramirez, and an unidentified male, officers learned that Luna-Ramirez would be transporting a multi-kilogram load of cocaine and proceeds from a prior cocaine sale to the individual's residence.  Officers also learned that Luna-Ramirez lived in an Irvine, California apartment.

19.   On September 8, 2023, officers conducted surveillance near Luna-Ramirez's apartment complex.  At approximately 11:30 p.m. officers saw a woman, later identified as Luna-Ramirez, leave the apartment complex and walk towards a red Toyota Highlander (later confirmed to be an "Uber" vehicle) while carrying a weighted duffle

bag.

20.   When an officer wearing a police vest approached Luna-Ramirez she quickly moved away, resulting in officers detaining her. Inside the duffle bag officers found the defendant $287,500 wrapped in rectangular aluminum foil packages, situated inside vacuum-sealed bags.  Luna-Ramirez signed a Disclaimer of Ownership form regarding the defendant $287,500.

21.   Officers searched Luna-Ramirez's apartment and found approximately twenty-six kilograms of cocaine and 208 pounds of methamphetamine. Luna-Ramirez told officers that she was supposed to transport the defendant $287,500 to another person before those funds would be transported to Mexico. In addition, Luna-Ramirez denied that the drugs belonged to her.

22.   Officers arrested Luna-Ramirez for California State drug law violations.

The July 14, 2023, Seizure of $103,550.00 During a Traffic Stop of a Vehicle Occupied by Agustin Ortiz Uribe.

23.   Based on intercepted communications, investigators learned of a pending narcotics proceeds transaction between an individual known as Miguel and an unidentified male.  Officers learned that the unidentified male resided in Compton, California (the "Compton Residence").

24.   On July 14, 2023, investigators conducted surveillance at the Compton Residence, where they saw an unidentified male leave the residence, enter a silver Pontiac G6, and drive away alone.

25.   Officers executed a traffic stop of the silver Pontiac, and identified the driver as Ortiz Uribe. In front of the right

passenger's seat officers found a box containing rubber-banded bundles of U.S. currency totaling $103,550.00 (the defendant $103,550). Ortiz Uribe signed a Disclaimer of Ownership as to the defendant $103,550).

26.   Inside a closet at Ortiz Uribe's residence, officers found a container that held approximately thirty-two kilograms (in thirty-two packages) of cocaine.

27.   Officers arrested Ortiz Uribe for California state law drug violations.

28.   On or about August 4, 2023, officers used a sophisticated narcotics-detecting canine, state-certified in the odor detection of cocaine, methamphetamine, heroin, and ecstasy, to conduct a sniff of the defendant $103,550. The canine positively alerted to the presence of narcotics on the defendant $103,550.

The Administrative Claim by The Miller Claimants

29.   In this matter, the Miller Claimants seek to enforce a default judgment obtained against purported members of the Juárez Drug Cartel in the United States District Court for the District of North Dakota at Case Number 1:20-CV-132-CRH (Dkt. 64).

30.   Between approximately September 2023, and December 2023, the Miller Claimants filed administrative claims to the defendant currencies.

31.   On or about July 9, 2025, the Miller Claimants filed a "Judgment Creditors' Application to File for Writ of Execution Ex Parte and Under Seal" (2:24-cv-5351-DMG-RAO at Dkt. 33) and "Plaintiff's On-Notice Application for a Writ of Execution" (Id. at Dkt. 35) seeking attachment against the defendant currencies.

32.   The Miller Claimants assert that the defendant currencies are the property of the Sinaloa Drug Cartel.

33.   The Miller Claimants assert that the Sinaloa Drug Cartel is an agent or instrumentality of the Juárez Drug Cartel.

34.   The Miller Claimants assert that the Juárez Drug Cartel is designated as a "Specially Designated Narcotics Trafficker" pursuant to the Foreign Narcotics Kingpin Designation Act.[1]

35.   Based on the above, the Miller Claimants assert an interest in the defendant currencies because they allege the defendant currencies are the property of the Sinaloa Drug Cartel and that the Sinaloa Drug Cartel is an agent or instrumentality of the Juárez Drug Cartel, thus rendering the defendant currencies subject to execution or attachment under Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") (The Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, § 201(a), 28 U.S.C. § 1610).

## CLAIM FOR RELIEF

36.   Based on the above, plaintiff alleges that the defendant currencies constitute or are derived from proceeds traceable to one or more violations of 21 U.S.C. § 841 et seq. (illegal narcotics trafficking), which is a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B).  The defendant currencies are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, plaintiff United States of America prays:

(a)  that due process issue to enforce the forfeiture of the defendant currencies;

---

[1] See generally "Specially Designated Nationals (SDNs) and the SDN List", U.S. Treasury Office of Foreign Assets Control, available at https://ofac.treasury.gov/faqs/topic/1631.

1    (b)  that due notice be given to all interested parties to

2  appear and show cause why forfeiture should not be decreed;

3    (c)  that this Court decree forfeiture of the defendant

4  currencies to the United States of America for disposition according

5  to law; and

6    (d)  for such other and further relief as this Court may deem

7  just and proper, together with the costs and disbursements of this

8  action.

9  Dated: September 19, 2025          BILAL A. ESSAYLI
                                      Acting United States Attorney
10                                    JOSEPH T. MCNALLY
                                      Assistant United States Attorney
11                                    Acting Chief, Criminal Division
                                      JONATHAN GALATZAN
12                                    Assistant United States Attorney
                                      Chief, Asset Forfeiture & Recovery
13                                    Section

14                                         /s/
                                      _____
15                                    JAMES E. DOCHTERMAN
                                      ALEXANDER SU
16                                    Assistant United States Attorneys

17                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, Heja Rosebiani, hereby declare that:

1.  I am a Special Agent with the Drug Enforcement Administration ("DEA").

2.  I have read the above Complaint for Forfeiture and know the contents thereof.

3.  The information contained in the Complaint is within my personal knowledge or was made known to me from my review of reports and information within the DEA's official files related to this matter as well as my discussions with other law enforcement personnel.

4.  I am informed and believe that the allegations set forth in the Complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on September 19, 2025,

in Riverside, California.

*Heja Rosebiani*
HEJA ROSEBIANI
Special Agent
Drug Enforcement Administration

<u>Exhibit A</u>

A. <u>Miller Family Plaintiffs</u>

1)      Estate of Maria Rhonita LeBaron
2)      Estate of H.M. Jr.
3)      Estate of K.B.M.
4)      Estate of T.A.M.
5)      Estate of T.G.M.
6)      Howard Miller
7)      T.M.
8)      A.M.
9)      Z.M.
10)     Adrian LeBaron-Soto
11)     Bathsheba Shalom Tucker
12)     Rholena Lian Johnson
13)     Melissa Conklin
14)     Adriana Jones
15)     Laura Cotina LeBaron
16)     William LeBaron
17)     Ruthila LeBaron
18)     Dayer LeBaron
19)     Javier LeBaron
20)     Miguel LeBaron
21)     M.L.

B. <u>Johnson Family Plaintiffs</u>

1)      Estate of Christina Langford
2)      Tyler Johnson
3)      C.J.
4)      J.J.
5)      T.J. Jr.
6)      H.J.
7)      E.J.
8)      F.M.J.
9)      Amelia Sedgwick
10)     Isaac Langford
11)     Elizabeth Langford
12)     Serina Langford
13)     E.L.

C. <u>Ray Family Plaintiffs</u>
1)      Karen Woolley
2)      Jaremy Ray
3)      Kerah Ray
4)      Justin Ray
5)      James Ray
6)      Jonathan Ray

(cont'd)

//

11

1

<u>Exhibit A (cont'd)</u>

2

3

D. <u>Langford Family Plaintiffs</u>

4

```
1)     K.L.
2)     M.L.
3)     X.L.
4)     B.L.
5)     C.L.
6)     D.L.
7)     J.L.
8)     Crystal Langford
9)     Brandy Spenst
10)    Joseph Cole Langford
11)    Bryce Langford
12)    Estate of Dawna Ray
13)    Estate of T.L.
14)    Estate of R.L.
15)    David Langford
```